MAY 9, 1804.

# Wm. McConnell's Heirs *v.* Thomas Donnell.

*Upon an appeal from a decree of the Lexington District Court.*

1. Where a defendant files a cross-bill with interrogatories to the complainant in the original bill, the complainant in the original bill can not set the cause down for hearing on the filing of his answer, but the defendant has the time prescribed by law for the purpose of taking depositions to controvert the answer to the interrogatories.

2. Consent that the cause may be tried before it regularly stands for trial, does not authorize a final decree without first entering the interlocutory order.

It is conceived that stating interrogatories in an answer is permitted to attain the purposes of a cross-bill; and consequently that this suit should not have been set for hearing by the complainant until one month after the defendants had been allowed five months for taking depositions to contradict the answer to the interrogatories of the complainant, whereas the suit was immediately set for hearing by the complainant on filing his answer. This error, however, seems to have been waived by the defendants, who, instead of moving the court that this error committed at the rules should be corrected, and the suit remanded to the rule docket, consented that the court might proceed to pronounce a decree at its next term.   But as this consent does not specify that a final decree might then be made, as was done, the court certainly erred in not first making an interlocutory decree ascertaining, on a just construction of the obligation on which the suit is founded, the quantity, quality, and situation of the land called for, and the nature of the warranty intended thereby; and also in not allowing a reasonable time, before the expiration of which if the defendants were not able to make a conveyance for such land that then the value thereof should be found by a jury and a decree therefor entered up.

Wherefore, it is decreed and ordered, that the said decree be reversed, and that the said appellee do pay unto the appellants their costs in this behalf expended, and it is further decreed and ordered, that the suit be remanded to the circuit court for the

county of Fayette, that proceedings may commence thereon by pronouncing an interlocutory decree, in conformity to the foregoing opinion, which is ordered to be certified to the Fayette circuit court.