JOSEPH DUNCAN v. DAVID STARR.

PLEADINGS AND PRACTICE AT LAW. *Replevin. Estray.* An action of replevin cannot be maintained for an estray where the plaintiff has not taken the steps required by the statute to have the animal appraised and advertised.

### FROM HARDIN.

Appeal in error from the Circuit Court of Hardin county. T. P. BATEMAN, J.

PITTS & CUNNINGHAM for Duncan.

CRUMLEY & HAMILTON for Starr.

DEADERICK, C. J., delivered the opinion of the court.

This is an action of replevin to recover a cow. The writ was executed and the property sued for delivered to defendant in error, Starr, who was plaintiff below. Judgment below was for Starr, and Duncan has appealed in error to this court.

The animal, in the fall or winter of 1876, was a yearling, and as stated by Starr "took up with his cattle," and was fed by him two winters, and he adds that "she was a stray," and he never claimed her as his own. The animal did not "come up" with his cattle—he did not know what had become of her.

Duncan swears she was with his cattle, and grazed, and was pastured with them from 1875 or 1876, until

she had a calf, he kept her until she had a calf in the spring, and then let a poor woman have the use of her during the summer, and in the fall the cow and calf were returned to him, she was then replevied 28th of November, 1878, by Starr. Both parties admit, and the evidence shows, that the animal was an estray, and neither of them took any steps as required by our statutes (Code, secs. 162–6, *et seq.*), to have it appraised and to discover its owner.

The action of replevin is given to recognize the possession of goods wrongfully seized or detained (Code, sec. 3374), and may be resorted to when. plaintiff has a present right to the possession of personal property: 2 Swan, 358.

To maintain the action the plaintiff must show the title in himself, or a present right to possession. And the defendant may rely on any defense showing a want of title and right of possession in plaintiff, as that a stranger is the owner: 1 Sneed, 314; 5 Baxt., 581.

If plaintiff had tak n the steps required by the statute to have the animal appraised and advertised, he would then have acquired a right of possession, which would have sustained this action. But upon the facts assumed in the charge, we think his Honor erred in instructing the jury, that if the cow ran with plaintiff's cattle, and was fed and cared for by him, for one or two years, or for a longer or shorter time, she would be in his constructive possession, and he might reclaim her as against any one but the true owner. She was, in fact, but a stray, which he admitted, and which he laid no claim to, and could only

assert a right of possession to her by proceedings instituted under the statute. If the animal left his stock and took up with his neighbor's, this would give him no legal right to assert a claim to any special property in her, or to the right to take possession of her.

Plaintiff had no general or special property in the animal, nor right to the possession of it, which can be enforced at law.

The judgment must be reversed.